685 A.2d 567

**COMMONWEALTH of Pennsylvania**

v.

**Beyah WHITE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 19, 1996.

Filed Nov. 7, 1996.

348

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, J., CERCONE, President Judge Emeritus, and HESTER, J.

CERCONE, President Judge Emeritus:

This is an appeal from the lower court order that denied appellant's writ of certiorari. We affirm.

The Philadelphia Municipal Court found appellant guilty of possession of a controlled substance.[1] In this appeal, appellant challenges the trial court's denial of his pre-trial suppression motion. Without question, it is the province of the suppression court to make findings of fact and conclusions of law as to whether evidence was obtained in violation of an accused's constitutional rights. *Commonwealth v. Tuck*, 322 Pa.Super. 328, 332, 469 A.2d 644, 646 (1983). In reviewing a trial court's denial of a motion to suppress, the appellate

1. 35 P.S. § 780–113(a)(16).

court's responsibility is to ascertain whether the record supports the factual findings of the suppression court and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Brundidge,* 533 Pa. 167, 170, 620 A.2d 1115, 1116 (1993). In making this determination, appellate courts must consider the evidence of the prosecution's witnesses and so much of the evidence of the defense as, read in the context of the record as a whole, remains uncontradicted. *Id.*

The trial court set forth the following summary of the suppression court's factual findings:

On February 3, 1995, at approximately 6:00 p.m., Philadelphia Police Officer William Alexander and his partner Officer Denoble were on patrol in the vicinity of the 5700 block of Torresdale Avenue when they received a call over police radio to investigate "two black males and one white male selling drugs from a green truck on or near the 5700 block of Torresdale Avenue." Within minutes the officers approached the aforementioned location and observed a black male and a white male exit a green truck and proceed to walk across the street toward another black male standing on the opposite side of the street.

Upon noticing the three suspects the officers stopped their vehicle, exited and told the three males to "put their hands up on the wall." The officers then requested the three to produce any type of identification, which none of the three males could do. After which, the officers proceeded to conduct a "pat-down" of the three suspects for their (the officers) own safety, with Officer Alexander patting down appellant.

While conducting the pat-down of appellant Officer Alexander felt "some type of object" concealed in appellant's waistband area. Suspecting that the object was a weapon or an item which appellant could use to injure him, the officer removed the object from appellee's waistband, uncovering a "black film canister" which contained several packages of an off-white chunky substance, alleged crack co-

caine. The officer then immediately placed appellant under arrest for possession of a controlled substance.

Trial Court Opinion filed December 18, 1995 at 2.

According to appellant, the suppression court erred in denying appellant's suppression motion

> inasmuch as there was no basis for the investigatory stop and frisk of appellant where the arresting officer acted solely on the basis of anonymous police radio information without independently observing any suspicious behavior, and the officer's intrusion exceeded the permissible scope of a warrantless frisk by retrieving and opening a film canister from appellant's clothing, in violation of the United States and Pennsylvania Constitutions.

Appellant's Brief at 3. Essentially, appellant argues that (1) the anonymous radio call cannot be the basis for a stop pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); (2) the officer's subsequent decision to perform a pat-down or frisk was not justified; and (3) the officer exceeded the permissible scope of a "frisk" when he opened the film container retrieved from appellant's waistband.

We have reviewed the arguments presented by the parties and the record certified to this court on appeal. We find that the lower court concisely and correctly addressed appellant's first two allegations of error and found them to be without merit. We therefore affirm on the basis of the trial court opinion filed December 18, 1995 with regard to appellant's first two allegations of error.

In his third allegation of error, appellant argues that the police officer exceeded the scope of a lawful frisk by opening a film cannister found in appellant's waistband. In its brief, the Commonwealth cites *Commonwealth v. Kendrick,* 340 Pa.Super. 563, 490 A.2d 923 (1985), a factual scenario similar to that in the instant case. In *Kendrick,* narcotics detectives received information from an informant regarding the sale of heroin from a private residence. Detectives obtained a search warrant for the residence based upon informa-

tion received from the informant and information gathered by the detectives during their own surveillance of the house. While attempting to execute the search warrant, detectives knocked on the door of the house. Although detectives observed people running past the front door inside the house, no one responded to their knocks. The officers forcibly entered the home and were confronted with a man wielding a shotgun. The man retreated into a bedroom and was subsequently apprehended. Inside the bedroom, the detectives found defendant, a man, and two women. During a pat-down search for weapons, detectives noticed something black in the defendant's hand. Officers seized the item which turned out to be a black film vial. Upon opening the vial, a detective found 27 foil packets containing heroin.

The defendant in *Kendrick* sought suppression of the film vial and its contents claiming that the items were the product of an illegal search and seizure. The Commonwealth countered that the seizure of the vial was lawful because the vial was within the "plain view" of the detective. The Superior Court noted that " 'the seizure of property in plain view involves no invasion of privacy and is *presumptively* reasonable, *assuming that there is probable cause to associate the property with criminal activity* ' (emphasis supplied). Thus, after *Texas v. Brown,* [460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) ], the requirements for application of the 'plain view' doctrine are (1) lawful 'initial intrusion'; (2) inadvertence; and (3) probable cause to associate the observed property with criminal activity." *Id.* at 570, 490 A.2d 923 (quoting *Payton v. New York,* 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980)).

As stated earlier, we find that the detective in the instant case was conducting a lawful *Terry* frisk when he first encountered the film vial. Thus, the "initial intrusion" was proper. Keeping in mind our scope of review, we likewise find that the detective's discovery of the film vial was inadvertent. *See* N.T. 6/2/95 at 9 (Officer Alexander presumed hard object in waistband of appellant's pants was a weapon). Our final inquiry, therefore, is whether the detectives had probable

cause to associate the observed object with criminal activity. *Commonwealth v. Kendrick,* 340 Pa.Super. at 570, 490 A.2d at 927.

■ The existence of probable cause requires that the facts available to the detective would warrant a person of reasonable caution in the belief that certain items may be contraband. *Id.* at 571, 490 A.2d at 927 (quoting *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)). In *Kendrick,* this court held that the officer had probable cause to associate a film vial with criminal activity:

> This Court believes that a film vial, a common package for carrying narcotics, is more closely akin to those rare single purpose containers which "by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance" *Arkansas v. Sanders,* 442 U.S. 753, 764–765 n. 13, 99 S.Ct. 2586, 2593–2594 n. 13, 61 L.Ed.2d 235 (1979). Admittedly, a film container has other uses and therefore is not purely a "single-purpose" container. However, given the circumstances of this case, we believe that the trained narcotics detective's view of the container was tantamount to a view of the heroin itself.

*Commonwealth v. Kendrick,* 340 Pa.Super. at 573, 490 A.2d at 928–29.

Here, Officer Alexander acted on specific information regarding the selling of drugs by two black males and one white male from a green truck in a specific location. Officer Alexander observed two black males and one white male in the immediate proximity of a green truck in the specific location identified by radio. The three men could produce no identification. During a frisk for weapons, Officer Alexander encountered the film container. Additionally, we note that the officer in the instant case had more than a general expectation that he could encounter a drug deal in progress. Based upon the evidence presented at the suppression hearing, we believe that the totality of the circumstances point to sufficient probable cause to associate the film container with criminal activity.

We find that Officer Alexander's view of the film vial container was tantamount to a view of the cocaine in the container. Accordingly, we hold that the search of the vial was lawful.

Because we find both the seizure of the film vial and the search of its contents to be lawful, we find no error on the part of the suppression court in denying appellant's motion.

The order of the trial court is affirmed.